IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KARLA M. FREEMAN                                          PLAINTIFF

V.                              NO. 12-2204

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Karla M. Freeman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) partially denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

## I.     Procedural Background:

Plaintiff protectively filed her current application for DIB on February 18, 2009, alleging an inability to work since June 12, 2008, due to nerve damage in her hands, especially the right one; herniated disc in her back and pain in her knees; being overweight; depression; thyroid disorder; anemia; high blood pressure; and problems with her menstrual cycle. (Tr. 132-133, 164, 175). An administrative hearing was held on June 29, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 27-79).

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

By written decision dated March 3, 2011, the ALJ found that since June 12, 2008, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the lumbar and thoracic spine, bilateral carpal tunnel syndrome (CTS), morbid obesity, bilateral sick patellar syndrome, and anemia. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that since June 12, 2008, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found that since June 12, 2008, Plaintiff had the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant is able to only occasionally climb ramps and stairs and cannot climb ladders, ropes and scaffolds. She is able to only occasionally balance, stoop, kneel, crouch and crawl. Claimant cannot perform rapid, repetitive flexion and extension of her wrists bilaterally.

(Tr. 14). With the help of the vocational expert (VE), the ALJ found that since June 12, 2008, Plaintiff has been unable to perform any past relevant work. (Tr. 18). The ALJ also found that prior to February 12, 2010, when Plaintiff's age category changed to an individual closely approaching advanced age, there were jobs that Plaintiff could perform, such as patcher, callout operator, and interviewer. (Tr. 18-19). The ALJ found that beginning on February 12, 2010, the date Plaintiff's age category changed, considering Plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform and accordingly, found that Plaintiff was not disabled prior to February 12, 2010, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on July 9, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 16). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 20, 21).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A),

AO72A
(Rev. 8/82)

1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred by not considering Plaintiff's impairments in combination; 2) The ALJ erred in his credibility findings; and 3) The ALJ erred in his RFC determination. (Doc. 20).

### A. Consideration of Plaintiff's Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of

-4-

impairments that is 'severe.'" (Tr. 12). He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 12). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 14). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the fact that the ALJ gave proper consideration to Plaintiff's combination of impairments.

### B.    Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 15). The ALJ considered Plaintiff's daily activities, noting that she testified that after she lost her job from Whirlpool, she applied for jobs online, leading the ALJ to believe that she would have returned to work if she had been hired. (Tr. 18). In addition, the ALJ noted that since her layoff from work, Plaintiff attended college and completed 12 hours of college credit, notwithstanding her allegations of decreased concentration and inability to write or type for long periods of time. The ALJ also reported that Plaintiff testified that she helped care for her adult daughter who has a mental illness, driving her to the store and helping her to pay her bills. (Tr. 18).

The ALJ also discussed all of the medical records relating to her impairments, including the records relating to her mid-back pain and hand and wrist pain, tingling and numbness, nerve conduction study, her acid reflux, her obesity, and her knee diagnoses. (Tr. 16-18).

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.      RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical

-6-

records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ found that since June 12, 2008, Plaintiff had the RFC to perform sedentary work with certain limitations. (Tr. 14). In making this finding, the ALJ stated:

> The undersigned finds it relevant that although the claimant alleged disability beginning June 12, 2008, which is the day she was laid off from the factory, it is not clear whether her lay off was caused by her physical impairments or by the economic down turn, as hundreds of others were laid off from Whirlpool within the next few months. Furthermore, the undersigned notes that the claimant testified that after she lost her job, she applied for jobs online leading the undersigned to believe that she would have returned to work if she had been hired. Moreover, the claimant testified that since her layoff from work, she has attended college and completed 12 hours of college credit, notwithstanding her allegations of decreased concentration and inability to write or type for long periods of time. In addition, the claimant testified that she helped care for her adult daughter who has a mental illness, driving her to the store and helping her pay her bills.

(Tr. 18). The Court also notes that the non-examining consultant, Dr. Wheatley Beard, found Plaintiff was capable of performing light work. (Tr. 396-402). Furthermore, after the hearing,

the ALJ had Plaintiff submit to an Orthopaedic Examination on August 2, 2010, by Dr. Ted Honghiran, who noted that Plaintiff was able to walk normally, was able to get dressed and undress herself with no problems, had good range of motion of the lumbar spine to 80 degrees of flexion, had normal extension and side bending to 25 degrees with no pain and no acute muscle spasms noted, had good range of motion in her knees to 130 degrees of flexion in both knees with minimal pain or discomfort, had decreased sensation along the median nerve distribution in both hands with full range of motion, with no obvious muscle atrophy, had degenerative disc disease of the lumbar spine in the early stage, and had early degenerative changes of the thoracic spine from degenerative disc disease. (Tr. 454). Dr. Honghiran opined that Plaintiff's main problem (chronic back pain) was aggravated by her obesity and overweight problem, and he believed that "the reason that she cannot work is because of carpal tunnel syndrome of her hands on both sides that has been diagnosed. At this time it is somewhat better." (Tr. 454).

The ALJ reported that none of Plaintiff's treating or examining physicians provided an opinion that she could not work at all jobs. (Tr. 17). He further noted that it appeared to him "that Dr. Honghiran was opining that the claimant could not work at her usual occupation as a screw gun operator due to her bilateral CTS." (Tr. 17). It is also noteworthy that when Plaintiff was seen by Patricia J. Walz, Ph.D., of Consulting Psychology of Western Arkansas, Inc., Plaintiff advised Dr. Walz that after she was off work on June 12, 2008, she tried to find jobs, and that she watched television, got on her computer and applied for jobs, such as cashier jobs, van driving, "jobs and things she thinks she could handle." (Tr. 445, 447).

Based upon the foregoing, as well as a review of the record as a whole and the well-

-8-

reasoned statements in Defendant's brief, the Court finds there is substantial evidence to support the ALJ's RFC findings.

### IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's partially favorable decision that prior to February 12, 2010, there were jobs that Plaintiff could perform, such as patcher, callout operator, and interviewer, and that beginning on February 12, 2010, the date Plaintiff's age category changed, Plaintiff became disabled.  The ALJ's decision should therefore be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 24th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)